IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN W. GERMAINE and
XIAOHONG ZHANG-GERMAINE,

                                                                               ORDER

                Plaintiff,

                                                                              13-cv-823-bbc

    v.

HAWKS QUINDEL EHLKE & PERRY, S.C.
and BARBARA ZACK QUINDEL,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiffs John Germaine and Xiaohong Zhang-Germaine have filed a proposed complaint. Because plaintiffs are proceeding <u>in forma pauperis</u>, I am required to screen the complaint under 28 U.S.C. § 1915 to determine whether they may proceed with the case.

      Plaintiffs do not identify a legal theory in their complaint, but I understand them to be raising claims for breach of contract and legal malpractice. They allege that they hired defendants Hawks, Quindel, Ehlke & Perry, S.C. and Barbara Zack Quindel to represent them in a discrimination dispute against their former employer but that defendants "disappear[ed]" during administrative proceedings and then refused to refund plaintiffs' money even though plaintiffs "never received performance on the contract as a result [of] time limitations." From this allegation, I infer that plaintiffs lost their opportunity to complete the administrative proceedings because of defendants' withdrawal.

1

This court's authority to hear claims like those in this case is limited. Generally, a federal court may hear a case if it arises under federal law, 28 U.S.C. § 1331, or if the parties are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Although plaintiffs are suing defendants for conduct in other proceedings related to federal employment discrimination laws, their claims for breach of contract and malpractice are state law claims, so this court cannot hear the case under § 1331. Gunn v. Minton, 133 S. Ct. 1059 (2013) (no jurisdiction under § 1331 in legal malpractice case about representation in federal patent case); Diaz v. Sheppard, 85 F.3d 1502 (11th Cir. 1996) (district court did not have subject matter jurisdiction over legal malpractice claim of plaintiff suing lawyer regarding representation in federal civil rights case).

With respect to § 1332, plaintiffs have not alleged facts in their complaint showing that they meet the requirements of that statute. Even if I assume that plaintiffs could recover more than $75,000, I cannot infer from plaintiffs' allegations that plaintiffs and defendants are citizens of different states.

"Citizenship" has a specialized meaning under § 1332. An individual is a citizen of the state where he or she is "domiciled," which means "the state in which a person intends to live over the long run." Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). A corporation such as Hawks Quindel is a citizen of the state where it is incorporated and where its principal place of business is. Smoot v. Mazda Motors of America, Inc., 469 F.3d 675, 676 (7th Cir. 2006).

In this case, plaintiffs have not included allegations in their complaint about domicile,

principal place of business or state of incorporation, but they list Wisconsin addresses for all of the parties, which suggests that the parties may be citizens of Wisconsin. If plaintiffs and defendants are citizens of the same state, I cannot exercise jurisdiction over plaintiffs' claims.

Under most circumstances, I would give plaintiffs an opportunity to amend their complaint to include the missing facts about jurisdiction. However, I cannot do that in this case because another federal court already has concluded that it does not have jurisdiction over the same claims. In Germaine v. Hawks Quindel, S.C., No. 13-c-864 (E.D. Wis. Sept. 12, 2013), the court dismissed the case because plaintiffs were raising state law claims for legal malpractice and breach of contract, but they failed to show diversity of citizenship between plaintiffs and defendants. If plaintiffs disagreed with that ruling, their remedy was to file an appeal with the Court of Appeals for the Seventh Circuit. They may not avoid the other court's ruling by filing another lawsuit in another federal court. Georgakis v. Illinois State University, 722 F.3d 1075, 1077 (7th Cir. 2013); Orlando Residence, Ltd. v. GP Credit Co., LLC, 553 F.3d 550, 556 (7th Cir. 2009). If plaintiffs wish to proceed with their claims, they will have to file a lawsuit in *state* court.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

The clerk of court is directed to enter judgment accordingly.

Entered this 19th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge