IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISSTRICT OF WISCONSIN

```
DOC NO
REC'D/FILED
2014 APR -2 AM 9:56
PETER OPPENEER
CLERK US DIST COURT
WD OF WI
```

JOHN W. GERMAINE AND
XIAOHONG ZHANG GERMAINE

    Plaintiff

    V.                                13-cv-823-bbc

HAWKS QUINEL EHLKE 7 PERRY, S.C. AND
LYNN NOVOTNAK AND BARBARA ZACK QUINDEL

    Defendants

**Western District of Wisconsin**
**Clerk, United States District Court**
Honorable District Judge Barbra Crabb
120 North Henry Street
Room 320
Milwaukee, WI 53202

**District IV Appeals Court Dane County,**
Waushara, Wood counties
10 E. Doty Street, Suite 700
Madison, WI 53703-3397
Phone: (608) 266-9250
Fax: (608) 267-0432

**District I Appeals Court**
Milwaukee County
330 East Kilbourn Avenue, Suite 1020
Milwaukee, WI 53202-3161
Phone: (414) 227-4680
Fax: (414) 227-4051

**Re:** Notice of Appeal in Judgment in Case No.13-c-B823-bbc and/or other resolution

Pleadings in this case are being filed by Plaintiff In Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria, pleadings are not to be held to the same high standards of perfection as practicing lawyers. **See** Haines v. Kerner 92 Sct 594, also **See** Power 914 F2d 1459 (11th Cir1990), also See Hulsey v. Ownes 63 F3d 354 (5th Cir 1995). also **See** In Re: HALL v. BELLMON 935 F.2d 1106 (10th Cir. 1991).

The Pro Se John W. Germaine apologized to the Court for not specifying how much additional

1

time was needed as a result of being unaware of the death of his wife's father and being forced to handle her affairs that the 66 year old indigent and disabled Pro Se has pushed to the limits of his own demise.

As for the allegations they were written during his own struggle with severe medical problems as well as attempting to pursue five cases built on five related cases filed in five different courts. Heavenly medicated with mind numbing drugs his initial briefs can be simplified for evaluation by the courts.

Generally, a motion for leave to amend a complaint is evaluated under **FRCP 15 (a) (2).** That rule provides that courts "should freely give leave when justice so requires." **See** also Soltys v. Costello, 520 F.3d 737, 742–43 (7th Cir.2008) (discussing the standard). However, the Complainant hopes this motion on the truth of his Citation will satisfy the court.

This case No.13-c-B823-bbc is quite simple unlike the Pro Se's brief written while medicated after four surgeries for blood clots and the follow-on arthritis as a result of the lack of blood flow, the Pro Se, John W. Germaine, is forced to take on the case when the attorney **Lynn Novotnak of Hawks Quindel Ehlke & Perry, S. C.** in Milwaukee, WI 53201-0442, without any prior notice fails to show up to meet with all the parties and the Judge. Ms. Novotnak had written to the Defendant in China when Xiaohong Zhang Germaine's Contract was breached and after being harassed she represented the Ms. Germaine. We had paid her law firm during this time for various items in our contracts, then, suddenly, after many phone calls to Hawks Quindel, S. C. were notified Lynn Novotnak had retired. When we asked for our money from the law firm Ms. **Barbara Zack Quindel simply refused.**

It would be quite sad for a company to be allowed to ignore the constitution and allowed special privileges to above the law because it is a law firm. A Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. **See** Conley v. Gibson, 355 U.S. 41, 45-46 (1957) also Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989). Rule 12(b) (6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. In applying the Conley standard, the Court will "accept the truth of the well-pleaded factual allegations of the Complaint."

## ACTION:
In addition to losing three years of on a contract, other contracts such as return of personal belongings and repartition were broken and paid out of pocket by the Germaine's. Most important Xiaohong Z. Germaine has lost three years of social security income and would not be able to survive retirement. Please remember my wife has a medical illness as a result of her years as an Air force Pilot and a mental condition today. In addition, know nothing about Law and does not read or write English well. We pray the court will add compensatory damages.

The Pro Se in addition being inundated by the requests, family assistance, etc. understands the appearance of withdrawal; however, does not withdraw the case but simply requests a few weeks before a face to face meeting with all parties. There is nothing frivolous to losing life, liberty and pursuit of happiness. His desire it to continue in the Western District Court. If this request

is not possible that this appeal be forwarded to the correct appeals court. **See:** Foster v. Murphy 686 F.Supp.471, 474 (1988); O'Connor v. United States (1987) 669 F. Supp. 317,324.

You're Honor we ask that this appeal be taken, forwarded, to the correct court in order to meet its timeliness. "Where a plaintiff pleads pro se in a suit for protection of civil rights, the court should endeavor to construe the Plaintiff's pleading without regard to technicalities." **See:** Walter Process Equipment v. Food Machinery 382 U.S. 172 (1965) it was held that in a "motion to dismiss", the material allegations of the complaint are taken as admitted."

Sincerely,

John W. Germaine & Xiaohong Zhang-Germaine
/S/John W. Germaine
Pro Se
205 E. School Road
Cottage Grove, WI. 53527
608 839 1381
Johngermaine8@aol.com
Dated March 26, 2014

3